IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| The London Manhattan Company, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:08-cv-00465-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CSA-Credit Solutions of America, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court upon Plaintiff The London Manhattan Company's ("Plaintiff") Motion to Remand. For the reasons set forth herein, the court denies Plaintiff's motion.

**BACKGROUND**

On January 15, 2008, Plaintiff filed the instant lawsuit in the Court of Common Pleas for the Ninth Judicial Circuit, asserting causes of action against Defendant CSA-Credit Solutions of America, Inc. ("Defendant" or "CSA") for breach of contract and breach of contract accompanied by a fraudulent act. (*See* Compl.) Plaintiff alleges, among other things, that Defendant breached a written contract between the parties such that Defendant owes an Investment Banking Fee to the Plaintiff in the amount of $925,000.00. (*Id.* ¶ 13.) Defendant filed a Notice of Removal on February 11, 2008, asserting this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

The written contract at issue contains the following provision: "Agreement shall be subject to and enforced under the laws of the State of South Carolina, and **venue for any action or dispute under this Agreement shall be in the Courts of Charleston County, South Carolina**." (Compl. ¶ 7 (emphasis added).) This provision is the basis of Plaintiff's Motion to Remand; Plaintiff asserts this action "was improperly removed in that it is properly within the jurisdiction of the Court of

Common Pleas for the County of Charleston, State of South Carolina." (Mot. to Remand at 1.) Defendant filed a Response in Opposition, asserting that "[w]hile Plaintiff goes on at length in its Motion to Remand as to the validity of forum selection clauses, it fails to address the primary issue of whether language which designates a particular 'county' for venue is sufficient to operate as a waiver of Defendant's statutory right to remove." (Resp. in Opp'n at 1.) Defendant argues the Motion to Remand should be denied "[b]ecause the provision in this case does not clearly and unequivocally set venue exclusively in state court" and "because this District Court is in fact geographically located within Charleston County." (*Id.*)

## **ANALYSIS**

The parties seem to agree in the case *sub judice* that the requirements of diversity jurisdiction are satisfied: Plaintiff is a corporation organized and existing under the laws of the State of Nevada, (Compl. ¶ 1),[1] Defendant is a corporation organized under the laws of the State of Texas with its principal place of business in Texas, (*See* Notice of Removal at 2), and the amount in controversy is in excess of $75,000, (Compl. ¶ 13.) *See* 28 U.S.C. § 1332(a)(1). The dispute rather centers upon whether this court should grant Plaintiff's Motion to Remand based on a provision of the written contract indicating that "venue for any action or dispute under this Agreement shall be in the Courts of Charleston County, South Carolina." (Compl. ¶ 7.)

As Defendant asserts, Plaintiff argued the validity of forum selection clauses at length, but it did not address the real issue, which is whether the clause at issue in the case *sub judice* sets venue exclusively in state court such that it is a waiver of Defendant's right to remove. A "forum selection

---

[1] However, the court notes it has been unable to determine Plaintiff's principal place of business.

2

clause may constitute a waiver of a defendant's right to remove an action to federal court." *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004). In the context of litigation-based waiver of the right to remove, the Fourth Circuit has indicated that a "defendant may . . . waive its . . . right to removal by demonstrating a 'clear and unequivocal' intent to remain in state court." *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991). However, the United States District Court for the Western District of North Carolina has held that in the context of a contractual waiver, waivers of removal rights do not have to be "clear and unequivocal." *Welborn v. Classic Syndicate*, 807 F. Supp. 388, 390-91 (W.D.N.C. 1992). That court instead applied the "basic contract construction principle that any ambiguities in a contract are to be resolved against the party who drafted the contract" in concluding the defendants waived their right to removal. *Id.* at 391. This court need not determine the appropriate standard, because result is the same regardless of whether the court applies ordinary contractual principles or the "clear and unequivocal" standard.

In an unpublished opinion, the United States Court of Appeals for the Fifth Circuit addressed an issue similar to the one in the case *sub judice*. *See Collin County v. Siemens Bus. Servs., Inc.*, 250 Fed. App'x 45 (5th Cir. 2007). In *Collin County*, a contractual clause stated that "venue for all actions in connection with this Agreement shall lie exclusively in Collin County Texas," and the district court remanded the case, concluding the clause "constitutes a valid waiver of federal removal rights because there currently is no federal district courthouse within Collin County and because the clause refers to a county rather than a district." *Collin County*, 250 Fed. App'x at 47. On appeal, the defendants argued the district court erred in ordering remand for several reasons, including:

> because the clause in their contracts with the County was not a "clear and unequivocal" waiver of federal removal rights; because the district court for the

3

> Eastern District of Texas had jurisdiction over Collin County; and because, since the contract clause at issue is susceptible to disparate readings, it should be construed against the County as the drafter of the clause.

*Id.* at 48. Although the Fifth Circuit affirmed, it did not determine that the contract clause fixing exclusive jurisdiction in Collin County, Texas, constituted a waiver of the defendants' removal rights. *Id.* at 50-51. The court stated,

> First, we disagree with the district court's remand order to the extent that it says that when a contractual clause refers to a "county" rather than a "district," the right to remove to federal court is waived. . . . While [28 U.S.C. §] 1441(a) refers to the "district" and the "division" of the federal court, it does so only in relation to *location* of the federal court that may hear the removed case. Given that section 1441, and not section 1391, governs venue in removal cases, the use of the term "county" rather than "district" at the very least falls short of a clear and unequivocal waiver of federal jurisdiction. Thus, we cannot agree with the district court's first reason for concluding that the clause at issue in this case constituted such a waiver.

*Id.* at 51-52. The court did agree with the district court's conclusion that the lack of a federal courthouse in Collin County, Texas rendered the clause at issue a waiver of federal removal rights. *Id.* at 52.

Similarly, in *City of West Palm Beach v. Visionair, Inc.*, 199 Fed. App'x 768 (11th Cir. 2006), the defendant appealed the district court's order remanding the case to state court. *Visionair*, 199 Fed. App'x at 768. The district court's order was based on its interpretation of the forum selection clause in the parties' contract, and because the court concluded the clause was ambiguous, it construed the clause against its drafter, VisionAIR. *Id.* On appeal, VisionAIR argued the district court erred because the clause "is unambiguous and permits suit in both federal and state court." *Id.* at 768-69. The clause at issue stated, "This agreement shall be governed by the laws of the State of Florida. All claims concerning the validity, interpretation, or performance of any of its terms and provisions, or any of the rights or obligations of the parties hereto, shall be instituted and prosecuted

4

in Palm Beach County, Florida." *Id.* at 769. The Eleventh Circuit reversed the district court's grant of the City's motion to remand, concluding that the clause "indicates only that litigation must be 'instituted and prosecuted' in either a state or federal forum, so long as that forum is in Palm Beach County." *Id.* at 770; *see also Cowatch v. Sym-Tech Inc.*, 253 Fed. App'x 231, 234 (3d Cir. 2007) ("We agree with Sym-Tech that the phrase 'a court of competent jurisdiction in the Commonwealth of Pennsylvania' could include federal as well as state courts and the phrase 'court or courts' suggests that a federal forum is not entirely foreclosed. But the last sentence of the provision, in which Sym-Tech waives 'any rights regarding diversity of jurisdiction pertaining to this matter,' makes it clear that Sym-Tech agreed to waive federal diversity jurisdiction."); *Global Satellite Commc'n Co.*, 378 F.3d at 1271-72 (concluding a clause providing that "[v]enue shall be in Broward County, Florida" mandated venue in Broward County but permitted suit to be brought in either the Seventeenth Judicial District of Florida or the Fort Lauderdale Division of the Southern District of Florida, as both were located in Broward County); *cf. Consol. Insured Benefits, Inc. v. Conseco Med. Ins. Co.*, No. 6:03-3211-RBH, 2006 WL 2864425, at *2 & n.3 (D.S.C. Oct. 4, 2006) (concluding a forum selection clause stating that "[e]ach party agrees to exclusive jurisdiction of the courts of Hamilton County, Indiana" designates a state court as the exclusive forum, taking judicial notice of the fact that there is no federal courthouse in Hamilton County, Indiana).

In the case *sub judice*, the clause at issue provides for venue "in the Courts of Charleston County, South Carolina." This court, the United States District Court for the District of South Carolina, Charleston Division, is in fact in Charleston County, South Carolina. As Defendant notes in its Response in Opposition, the provision at issue does not name the Court of Common Pleas as the exclusive venue. (*See* Resp. in Opp'n at 2.) The court thus concludes that there is no ambiguity

5

in the provision and that Defendant has not clearly and unequivocally waived its statutory right to remove the instant action. Because the provision allows for venue within the "Courts of Charleston County, South Carolina," the court concludes that Defendant has properly removed this action and therefore denies Plaintiff's Motion to Remand.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiff's Motion to Remand is **DENIED**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**May 9, 2008**